A. G. FILE No.

0-3308

465



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-3308
Re: Is it legal for a Deputy
Sheriff of Grimes County
to serve at the same time
as a school trustee of a
common school district of
said county?

Your written request dated March 18, 1941, has been
received by this department and considered.

We copy from your letter as follows:

"At the request of Mr. M. B. Thomas,
County Superintendent of Grimes County, I
am submitting the following question for
your consideration and opinion:

'Is it legal for a Deputy Sheriff of
Grimes County to serve at the same time as
a school trustee of a common school district
of said county?'"

According to Article 16, Section 40, of the Texas Con-
stitution, as amended in 1932, "No person shall hold or exercise,
at the same time, more than one Civil Office of emolument, (with
certain exceptions named in the Constitution which are not ap-
plicable to your proposition) unless otherwise specially provid-
ed herein."

In the cases of Murray v. State. 67 S. W. (2d) 274;
State v. Brooks, 42 Tex. 62; and Travis v. Harris, 13 Tex. 507,
it has been held that a deputy sheriff is a public officer.

It has been held that school trustees are public of-
ficers. See 34 Texas Jurisprudence p. 332.

Honorable F. M. Trimble, Page 2


In the case of State v. Martin, (Ct. Civ. App.) 51 S. W. (2d) 815, the court held that a school trusteeship was not an office of emolument. The court said:

"The constitutional provision does not, per se and as a matter of law, prohibit a person from holding the office of school trustee while also holding another public office, for the simple reason that provision applies, arbitrarily, only to 'civil office (s) of emolument,' whereas the office of trustee of the Laredo independent school district is not one of 'emolument,' since the holders thereof 'shall serve without compensation.' Article 2775, R. S. 1925; 1 Bouvier's Law Dict. (3d Ed.) 1035; Black's Law Dict., 321; 8 Words & Phrases, First Series, 2367; Graves v. M. Griffin O'Neil & Sons (Tex. Civ. App.) 189 S. W. 778."

The court in the Martin case, supra, had before it the question of whether or not the same person could hold the office of city tax assessor and at the same time hold the office of trustee of a school district. After holding, as noticed above, that the office of school trustee is not a civil office of emolument within the constitutional prohibition, the court then proceeded to concern itself with the question of whether or not the two officers entailed duties that were inconsistent and incompatible. The court said:

"* * *. The duties of the two offices are wholly unrelated, are in no manner inconsistent, are never in conflict. Neither officer is accountable to the other, nor under his dominion. Neither is subordinate to the other, nor has any power or right to interfere with the other in the performance of any duty. The offices are therefore not inconsistent or incompatible, and, one of them not being a 'civil office of emolument,' both may be occupied and the duties thereof lawfully performed by the same person. 22 R. C. L. p. 412 et seq; 46 C. J. pp. 941 et seq., §§ 46 et seq.; Case note L. R. A. 1917A, 216; Gaal v. Townsend, 77 Tex. 464, 14 S. W. 365; Figures v. State (Tex. Civ. App.) 99 S. W. 412."

We find no express statutory provision forbidding a trustee of a common school district to receive any compensation

Honorable T. M. Trimble, Page 3

for serving as such. However, there is no statutory authority providing for compensation for such officer and therefore we believe that it is "civil office" without any "emolument" and therefore the rule in the Martin case, supra, is applicable to your proposition. In view of the decision in that case that the office of a school trustee is not a "civil office of emolument" within the constitutional prohibition, we are thus confronted with the question of whether or not a deputy sheriff of Grimes County can serve as a school trustee of a common school district in that county without the duties of each respective office becoming inconsistent or incompatible.

In the case of Thomas, et al v. Abernathy County Line Independent School District, 290 S. W. 152, (Com. App.) the test of what constituted incompatible duties was given as follows:

"In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits--e. g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. * * *. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees." (Underscoring ours)

In view of the foregoing rules of law, we have carefully considered the respective duties of a deputy sheriff and of a school trustee of a common school district and we have been unable to find where any of the duties falling upon a holder of each respective office would necessarily be inconsistent with or incompatible with the duties of a person holding the other office. Neither do we find any corresponding duties of either of said offices which would necessarily unduly influence the duties imposed by law upon the holder of the other office.

Honorable T. M. Trimble, Page 4


Since neither a deputy sheriff or a common school district trustee are officers to be paid out of the State Treasury, we do not believe Article 16, Section 33 of the Texas Constitution is applicable to your proposition.

It is, therefore, our opinion and you are respectfully advised that there is no prohibition in the laws of this State which would prevent a deputy sheriff of Grimes County to serve at the same time as a school trustee of a common school district in said county.

We trust that we have fully answered your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*
Harold McCracken
Assistant

HM:RS


APPROVED MAR 28, 1941

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN